Regina F. **KOZACKI** and James V. Kozacki, Relators,

v.

Honorable Gene **KNIZE**, Judge, 40th District Court, Ellis County, Texas, Respondent.

Nos. 10–94–249–CR, 10–94–250–CR.

Court of Appeals of Texas, Waco.

Sept. 13, 1994.

Hal W. Maxwell, II and William P. Rossini, Shaver, Sanford, Bethune, Seal, Maxwell & Seal, L.L.P., Dallas, for relators.

Joe F. Grubbs, County and Dist. Atty., Cynthia W. Hellstern, Asst. County and Dist. Atty., Waxahachie, Gene Knize, Waxahachie, respondent.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

PER CURIAM.

Relators, James and Regina Kozacki, were indicted on June 6, 1994, for engaging in organized criminal activity. *See* TEX.PENAL CODE ANN. § 71.02 (Vernon Supp.1994). They have yet to be arraigned on the charges and, indeed, each remains incarcerated in the Ellis County jail under $75,000 bail. The Kozackis employed attorneys Hal W. Maxwell, II and William P. Rossini for the limited purpose of seeking a reduction of their bail and, if necessary, of pursuing a writ of habeas corpus based on excessive bail. The attorneys then filed a motion to reduce bail, which the court set for a hearing on August 4. However, the court refused to proceed with the bail-reduction hearing or to allow Maxwell and Rossini to represent the Kozackis at the hearing, unless the attorneys agreed to represent their clients in the entire criminal proceeding. The Kozackis filed a second motion to reduce their bail, with the same results. They seek a writ of mandamus to require respondent, the Honorable Gene Knize, judge of the 40th District Court, to hold a hearing on the motion to reduce bail and to allow Maxwell and Rossini to represent them at the hearing. Finding that the Kozackis are clearly entitled to relief from Judge Knize's refusal to allow Maxwell and Rossini to represent them at the bail-reduction hearing, we conditionally grant the writ.

### AVAILABILITY OF THE WRIT OF MANDAMUS

■ The Kozackis must satisfy two requirements to demonstrate their entitlement to the extraordinary relief of mandamus: (1) there must be no adequate remedy at law to redress the alleged harm; and (2) they must show a *clear* right to the relief sought. *See Buntion v. Harmon,* 827 S.W.2d 945, 947 (Tex.Crim.App.1992). That a remedy at law may technically exist will not defeat an applicant's entitlement to the writ when the remedy is "so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." *Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim. App.1989). Although the second prong has been formulated as requiring that the act sought to be compelled is "ministerial," the two statements are the "functional equivalent" of each other. *See State ex rel. Holmes v. Third Court of Appeals,* 885 S.W.2d 389, 392 n.6 (Tex.Crim.App.1994). Under either formulation, mandamus is available to "correct judicial action that ignores clear, binding precedent" because "[t]rial judges do not enjoy the freedom to ignore the law." *State ex rel. Healey v. McMeans,* 884 S.W.2d 772, 774 (Tex.Crim.App.1994). As a matter of precedent, consideration of a motion properly filed and before the court is ministerial. *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex.Crim.App.1987).

### CONSTITUTIONAL RIGHT TO CHOOSE COUNSEL

■ The Sixth Amendment guarantees a criminal defendant the right to be represented by the retained counsel he prefers. U.S. CONST. amend. VI; *Wheat v. U.S.,* 486 U.S. 153, 158–60, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). An accused is, in fact, entitled to "counsel of his own selection, and as many as he may see proper to employ, to defend him." *Jackson v. State,* 55 Tex.Crim. 79, 115 S.W. 262, 264 (1908). This right is not absolute, however, but can be overridden by important considerations relating to the integrity of the judicial process and the fair and orderly administration of justice. *See Wheat,* 486 U.S. at 158–60, 108 S.Ct. at 1697; *Webb v. State,* 533 S.W.2d 780, 784 (Tex. Crim.App.1976) (holding that the right to choose counsel "cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice").

■ However, the court must indulge a presumption in favor of the accused's choice. *Wheat,* 486 U.S. at 164–66, 108 S.Ct. at 1700; *Stearnes,* 780 S.W.2d at 223. A court cannot overcome the presumption and reject a defendant's chosen counsel on "[u]nsupported or dubious speculation." *Wheat,* 486 U.S. at 166, 108 S.Ct. at 1701 (Marshall, J., dissenting). It can ignore the defendant's choice only when such "drastic action is necessary

to further some overriding social or ethical interest." *U.S. v. Collins,* 920 F.2d 619, 626 (10th Cir.1990), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991) (quoting *United States v. Hobson,* 672 F.2d 825, 828 (11th Cir.), *cert. denied,* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982)). Therefore, when a trial court unreasonably or arbitrarily interferes with the right to choose counsel, its denial rises to the level of a constitutional violation. *Collins,* 920 F.2d at 625. Whether the court has abused its discretion, and thus acted unreasonably or arbitrarily, must be gleaned from the facts and circumstances of each particular case. *See Wheat,* 486 U.S. at 165–66, 108 S.Ct. at 1700.

## TRIAL COURT'S CONSIDERATIONS

Judge Knize, who appeared and presented oral argument at the hearing on the petitions for mandamus, reiterated the reasons why he refused to allow Maxwell and Rossini to represent the Kozackis at the bail-reduction hearing. His reasons, which pertain to considerations relating to efficient judicial administration, generally coincide with those attributed to him in the affidavits filed by the parties. Evidently, as an informal rule of absolute application in his court, Judge Knize will not permit any attorney to appear for and represent any criminal defendant in any portion of a proceeding unless the attorney agrees to represent the client in the entire proceeding. Thus, because Maxwell and Rossini filed a notice of limited appearance, Judge Knize refused to allow them to appear on behalf of the Kozackis. Consequently, he likewise refused to hold the bond-reduction hearing.

Judge Knize explained that his rule is designed to prohibit a criminal defendant from "piece mealing" his legal representation. His concern is that, by allowing a criminal defendant to hire multiple counsel with such limited authority that the court and the district attorney's office does not know with whom to deal, a defendant could effectively thwart the ability of the court to expeditiously manage its docket and administer justice.

## MERITS OF THE CLAIM

■ The Kozackis seek two forms of relief: (1) an order compelling Judge Knize to hold a hearing on their motions to reduce their bail and (2) an order compelling Judge Knize to allow Maxwell and Rossini to represent them at that hearing without committing to represent them for the entire criminal proceeding. On the first claim, the Kozackis have a clear right to relief. Once properly filed and presented, the court does not have the option of refusing to hold a hearing on their motions to reduce bail. *See Gray,* 726 S.W.2d at 128. Thus, the writ will conditionally issue contingent on Judge Knize's continued refusal to hold a hearing on the motions to reduce bail.

■ The second request goes to the application of Judge Knize's local rule of court. The effect of such an absolute rule is to abrogate the constitutional right of defendants to choose counsel, except for legal representation in the entire criminal proceeding. This effectively precludes their choosing counsel, with or without specialized skills, to represent them only in a particular portion of the proceeding, such as at a hearing on a motion to suppress or, in this instance, at a bail-reduction hearing. We believe the Sixth Amendment broadly protects this right, and that the trial court, as in other cases, can override their choice only for important considerations relating to integrity of the judicial process and the fair and orderly administration of justice.

■ Judge Knize paints a scenario which, if circumstances developed as he envisioned, might justify his limiting the right of an accused to employ counsel for piece-meal representation. However, so far as the facts of this case are concerned, his concerns are based on unsupported speculation. Neither he nor the district attorney could point to any demonstrable evidence that, if Maxwell and Rossini were allowed to make a limited appearance, such would actually thwart—or create a serious potential of thwarting—the court in controlling its docket in general or in expediting this case in particular. *See Wheat,* 486 U.S. at 164–66, 108 S.Ct. at 1700. "In judicial administration ... there should be no absolutes." *U.S. ex rel. Carey v. Rundle,* 409 F.2d 1210, 1215 (3rd Cir.1969), *cert. denied,* 397 U.S. 946, 90 S.Ct. 964, 25

L.Ed.2d 127 (1970). Judge Knize's informal rule of absolute application violates this general principle of judicial administration and, if allowed to continue, will operate to violate the Kozackis' right to representation by counsel of choice. Thus, the Kozackis have shown that they are clearly entitled to the relief sought. The writ will issue only if Judge Knize continues to refuse to allow Maxwell and Rossini to appear for the limited purpose of the bail reduction hearing.

We conditionally grant the Kozackis' petitions for a writ of mandamus. We assume that Judge Knize will promptly conduct the hearing and allow Maxwell and Rossini to appear on the Kozackis' behalf. The writ will issue only if Judge Knize fails to promptly conduct the hearing on the motions to reduce bail or if he refuses to allow Maxwell and Rossini to appear for the limited purpose of the bail reduction hearing.