COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-131-CR
NO. 2-02-132-CR
 
MICHELLE THOMPSON                                                            APPELLANT
V.
THE STATE OF TEXAS                                                             
STATE
------------
FROM THE 367
TH DISTRICT COURT OF DENTON
COUNTY
------------
OPINION
------------
       
Michelle Thompson appeals two convictions for injury to a child.  Appellant
entered a negotiated guilty plea to the charges and was placed on deferred
adjudication probation for two years and assessed a fine of $300 for each
offense.  Subsequently, the State filed a motion to proceed with
adjudication of guilt in each case alleging numerous probation violations. 
After a hearing, the trial court found the State's allegations true, adjudicated
appellant guilty, and assessed punishment at four years' imprisonment for each
offense.  In two points, appellant claims that her Sixth Amendment right to
counsel of her choice was violated because the court did not give her a
reasonable amount of time to find and retain new counsel.  We will affirm.
       
The State contends that this court lacks jurisdiction to hear this appeal
because appellant's notice of appeal does not comply with Rule 25.2(b)(3) of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P.
25.2(b)(3), 948-949 S.W.2d (Tex. Cases) XCVI (1997, amended 2003) (hereafter,
former Rule 25.2(b)(3));(1) Watson v. State,
924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996).  The scope of this court's
review in this case is limited to matters unrelated to appellant's conviction or
that are enumerated in former Rule 25.2(b)(3).  See former Rule
25.2(b)(3); Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); Vidaurri
v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).
       
Here, appellant raises issues unrelated to her conviction. She contends that the
trial court did not give her a reasonable amount of time to hire a new attorney
and prepare for the revocation hearing.  Appellant voices no complaint
regarding her conviction. Therefore, we have jurisdiction over the appeal.
       
In two issues, appellant complains that the trial court violated her Sixth
Amendment right to counsel of her choice because it did not give her a
reasonable amount of time to find and retain counsel.  She contends that
two weeks was an insufficient amount of time for her to find new counsel and
prepare for the revocation hearing.
       
A probation revocation hearing constitutes no part of a criminal prosecution. Cobb
v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Instead, it is an
administrative proceeding used as a means to protect society and rehabilitate
lawbreakers. Hill v. State, 480 S.W.2d 200, 202-03 (Tex. Crim. App.)
(op. on reh'g), cert. denied, 409 U.S. 1078 (1972). Although such a
hearing is administrative in nature because it is an extension of the sentencing
process, a probationer has the right to be assisted by counsel. Id. at
203. The right to be assisted by counsel includes the right to retain counsel of
one's own choosing. U.S. Const. amend. VI; Tex. Const. art. I, § 10.  In
fact, an accused is entitled to "counsel of [her] own selection, and as
many as [she] may see proper to employ, to defend [her]." Jackson v.
State, 55 Tex. Crim. 79, 115 S.W. 262, 264 (1908).
       
The right to counsel of one's own choice, however, is neither unqualified nor
absolute. Burgess v. State, 816 S.W.2d 424, 428 (Tex. Crim. App. 1991);
Brink v. State, 78 S.W.3d 478, 483 (Tex. App.--Houston [14th
Dist.] 2001, pet. ref'd).  It must be balanced with the trial court's need
for prompt, orderly, effective, and efficient administration of justice.  Emerson
v. State, 756 S.W.2d 364, 369 (Tex. App.--Houston [14th Dist.]
1988, pet. ref'd). A defendant cannot manipulate the right to obstruct the
orderly procedure in the courts.  King v. State, 29 S.W.3d 556,
566 (Tex. Crim. App. 2000); Thompson v. State, 447 S.W.2d 920, 921
(Tex. Crim. App. 1969); Estrada v. State, 406 S.W.2d 448, 449 (Tex.
Crim. App. 1966).  Thus, a defendant may not wait until the day of trial to
request that counsel be dismissed so that she may retain other counsel. Webb
v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).
       
The determination of when a defendant's rights must yield to the efficient
administration of the courts is a matter within the trial court's discretion. Wheat
v. United States, 486 U.S. 153, 164, 108 S. Ct. 1692, 1700 (1988); Kozacki
v. Knize, 883 S.W.2d 760, 763 (Tex. App.--Waco 1994, no pet.). 
Whether the court has abused its discretion, and thus acted unreasonably or
arbitrarily, however, must be gleaned from the facts and circumstances of each
particular case.  A trial court's unreasonable or arbitrary interference
with the defendant's right to counsel of choice constitutes constitutional
error.  Gonzalez v. State, 63 S.W.3d 865, 887 (Tex. App.--Houston
[14th Dist.] 2001, pet. granted) (op. on reh'g) (Amidei, J.,
dissenting); Kozacki, 883 S.W.2d at 763.
       
The Texas Code of Criminal Procedure also recognizes a defendant's right to
counsel of choice and requires that a criminal defendant be given a
"reasonable opportunity" to obtain counsel of his or her own
choosing.  Tex. Code Crim. Proc. Ann. art. 1.051(e) (Vernon Supp. 2003).(2)  
We do not, however, believe that a defendant may exercise her right to a
"reasonable opportunity" to hire counsel in a way that compromises or
interferes with the efficiency of the courts.  Therefore, we will review
the evidence to determine whether the trial court abused its discretion by
providing appellant with only two weeks to hire an attorney and prepare for her
revocation hearing.
       
In the present case, appellant was arrested on January 16, 2002, based on two
motions to proceed with an adjudication of guilt.  On January 18, 2002, the
trial court appointed Jason Jacoby to represent her.  The case was
initially set for an announcement hearing on February 4, 2002, at which time it
was rescheduled for a contested revocation hearing on February 28.  On
February 28, appellant's attorney requested a continuance so that he could
locate some of his witnesses.  Again, the hearing was postponed until March
14. On March 14, a pretrial hearing was held, in which appellant informed the
court that she wanted to retain an attorney instead of proceeding with her
court-appointed attorney.  She did not, however, indicate why she wanted to
hire a new attorney, and nothing in the record indicates that she was not
properly represented by her court-appointed counsel.  Further, when asked,
she told the court that she had made no attempts to hire an attorney.  The
trial judge told appellant that she could hire an attorney of her own choosing
if she and the attorney could be prepared for a final hearing on March 28. 
Otherwise, the trial judge stated that appellant would need to continue to work
with Jacoby because no further continuances would be granted.  At this
time, Jacoby had been working on appellant's case for at least two months. 
Jacoby told the court that he would be willing to cooperate with appellant's new
attorney and even offered to be present for the hearing on March 28. 
Appellant made no objections or complaints to the court's ruling.
       
On March 28, 2002, appellant appeared in court with Jacoby and entered a plea of
true to the allegations contained in both of the State's motions to
adjudicate.  Again, neither appellant nor Jacoby complained about the
length of time she was given to hire an attorney and prepare for the
hearing.  Further, the record contains no evidence that she would have been
able to hire an attorney had she been given more time.  After admonishing
appellant of her rights, the trial court accepted her plea and sentenced her to
four years' incarceration for each offense, with credit for time served. 
Appellant does not contend that she would not have entered into the plea
agreement with the State had she been given additional time to hire an attorney
of her choice.
       
Based on the record in this case, we cannot say that the trial court abused its
discretion by allowing appellant only two weeks to hire a new attorney and
prepare for the revocation hearing.  See Ex parte Windham,
634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing the factors to consider when
determining whether a trial court has unreasonably or arbitrarily interfered
with a defendant's right to choose counsel).  Therefore, the two-week
continuance was not unreasonable and did not deprive appellant of her Sixth
Amendment right to counsel of her choice.(3)  
Accordingly, we overrule appellant's two points and affirm the trial court's
judgments.
 
                                                           PER
CURIAM
 
PANEL F: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 12, 2003

1.  Effective January 1, 2003, Rules 25.2(a)(2) and
25.2(d) replaced former Rule 25.2(b)(3). We normally apply the revised rules to
all pending proceedings.  Here, however, appellant filed her notice of
appeal on April 15, 2002 and, therefore, could not have complied with the new
rules.  Consequently, we apply former Rule 25.2(b)(3).
2.  Article 1.051(e) is not applicable here because
appellant did not show up at the hearing without an attorney and she did not
refuse her court-appointed attorney. Instead, she showed up at the hearing with
her appointed counsel and requested additional time to hire an attorney of her
choice.  Cf. Henry v. State, 433 S.W.2d 430, 432 (Tex.
Crim. App. 1968) (holding that as long as one of appellant's attorneys had ten
days to prepare for trial, article 1.051(e) was satisfied).
3.  Appellant contends that the holding in Moss
v. Malone, 880 S.W.2d 45 (Tex. App.--Tyler 1994, writ denied), supports her
position on appeal.  In Moss, the court held that the unwarranted
denial of a litigant's right to counsel of his own selection is fundamental
error where the litigant without negligence or default on his part is
deprived of the right of counsel on the eve of trial.  Id. at
50.  In this case, however, appellant's trial counsel did not withdraw on
the eve of the revocation hearing.  Instead, appellant waited until the day
of the hearing to request additional time to hire a new attorney.  Thus,
unlike the plaintiff in Moss, it was appellant's own negligence or
default that deprived her of the right to be represented by counsel of her own
choosing.