11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Opinion

 

Ellie Barton Underwood, Jr.

Appellant

Vs.                   No. 11-02-00254-CR B Appeal from Taylor County

State of Texas

Appellee

 

The jury convicted Ellie Barton Underwood, Jr. of
aggravated sexual assault of a child, indecency with a child, and compelling
prostitution.  The jury then set his
punishment at 35 years confinement for aggravated sexual assault, 10 years for
indecency with a child, and 20 years for compelling prostitution.  We affirm the convictions.

In the second count of the multi-count indictment,
the State charged appellant with the offense of indecency with a child by
exposure.  In appellant=s third and fourth points of error, he
argues that the evidence is legally and factually insufficient to prove beyond
a reasonable doubt that he exposed himself with the intent to arouse and
gratify his own sexual desire.








To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  To determine
if the evidence is factually sufficient, we must review all of the evidence in
a neutral light and determine whether the evidence supporting guilt is so weak
as to render the conviction clearly wrong and manifestly unjust or whether the
evidence supporting guilt, although adequate when taken alone, is so greatly
outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); 
Clewis v. State, 922
S.W.2d 126 (Tex.Cr.App.1996).  We review
the fact finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact finder.  Cain
v. State, supra; Clewis v. State, supra.  Due deference must be given to the jury=s determination, particularly concerning
the weight and credibility of the evidence.  
Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v.
State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d,  522 U.S. 832 (1997).  This court has the authority to disagree with
the fact finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson v. State, supra at 9.

K.D., a 13-year-old female, ran away from
home.  A friend took her to Renee Dunn=s house.  Dunn was an adult.  When K.D. and two other young girls who were
also at Dunn=s house
were talking about making some money, Dunn suggested that they could make some
money by Abeing
with [appellant].@  Dunn had known appellant for six or seven
years.  She and appellant had sex four or
five times a month in the past, and appellant paid her $50 or $60 each
time.  Dunn testified that she arranged a
date between appellant and K.D. about three or four days after K.D. came to her
house.  Appellant, Dunn, and K.D. went to
an Econo Lodge motel. 
Appellant rented the room.  He and
K.D. went in; Dunn stayed in the car. 
Appellant and K.D. stayed in the room about 30 minutes.  When they came back to the car, appellant
paid Dunn $60.

K.D. testified that, once inside the room,
appellant told her that he liked to give and receive oral sex.  When K.D. protested, appellant took a gun
from his boot and held it to her head. 
After appellant and K.D. removed their clothes, they sat on the bed Afor a minute and he was telling me it wasn=t
gross, and he went and washed himself off and said, Look, it=s clean.@  As appellant held the gun to K.D.=s
head, he put his penis inside her mouth and then inside her vagina, and they
had sexual intercourse until he was finished. 
Appellant gave K.D. $60, and they went back to the car.  They went either to McDonald=s or Burger King to get something to
eat. K.D.=s
mother came to Dunn=s house
the next day and took K.D. home.








A former employee of Econo
Lodge also testified during the guilt/innocence phase of the trial.  He testified that he knew appellant.  He remembered the day that appellant checked
in at the Econo Lodge.  He also remembered that appellant registered
as AJohn Doe@
and that he had a young girl with him. 
Although appellant had been coming to the Econo
Lodge Aoff and
on for about five years@
and staying for usually no more than Aa
half hour,@ the
employee never did get appellant=s
correct name.

TEX. PENAL CODE ANN. '
21.11 (Vernon 2003) provides in part:

(a) A person commits an offense if, with a child
younger than 17 years and not the person=s
spouse, whether the child is of the same or opposite sex, the person:

                      

(2) with intent to arouse
or gratify the sexual desire of any person:

(A) exposes the person=s anus or any part of the person=s genitals, knowing the child is
present.  

 

Appellant directs his complaint to the legal and
factual insufficiency of the evidence to show that he exposed himself with the
intent to arouse or gratify his own sexual desire.  The intent to arouse or gratify can be
inferred from the conduct or remarks of the actor and the circumstances surrounding
the conduct.  McKenzie
v. State, 617 S.W.2d 211, 216 (Tex.Cr.App.1981).  Here, the proof presents sufficient evidence
from which a rational fact finder could infer that appellant=s conduct, his comments, and the surrounding
circumstances showed an intent to arouse or gratify
his own sexual desire.  See Cunningham
v. State, 726 S.W.2d 151, 154
(Tex.Cr.App.1987).  The evidence shows
that appellant went to the Econo Lodge to engage in
sexual activities with K.D.  Appellant
sat naked while trying to convince K.D. to engage in oral sex with him.  He went into the bathroom and washed himself
and told K.D., ALook, it=s clean.@  Appellant then went on to have both oral sex
and vaginal intercourse with K.D.  It was
appropriate for the jury to deduce that appellant exposed himself with the
intent to arouse or gratify his own sexual desire.  Further, there is no contrary evidence for us
to weigh.  We hold that the evidence is
both legally and factually sufficient to support the finding of guilt under
count two of the indictment.  Appellant=s third and fourth points are
overruled.

In his first two points of error, appellant argues
that the trial court violated his rights under U.S. CONST. amend. VI and TEX. CONST. art. I, ' 10  when it refused to allow him to Achoose the lawyer who would represent
him during the punishment phase@
of the trial.  








Appellant first retained his brother, Martin
Underwood, an attorney, to represent him in this case.  Later, Randy Wilson, an attorney from
Abilene, was hired to assist in appellant=s
defense.  Wilson was lead counsel during
the guilt/innocence phase of the trial. 
Appellant and his lawyers had decided that Martin would be lead counsel
during the punishment phase of the trial, if the case went that far.  After the jury found appellant guilty, but
before the punishment phase started, Wilson filed a motion to withdraw in which
he alleged that appellant no longer wanted him to act as his lawyer. Appellant=s complaint was grounded in his belief
that the jury did not like Wilson, and he thought that he could do better if he
were not associated with Wilson.  The
trial court denied the motion, but allowed Martin to act as lead counsel during
the punishment phase of the trial. 
Wilson sat at the counsel table during the punishment phase of the
trial, but did not participate.  

Appellant=s
argument does not concern the denial of counsel of his choice.  Rather, it concerns the trial court=s refusal to release a retained
attorney when another retained attorney of appellant=s
own choosing (who has been representing him during the trial, although not as
lead counsel) in fact conducts that part of the trial for which he was
originally chosen.  

Both the federal and state Constitutions guarantee
the right to effective assistance of counsel. McFarland v.
State, 928 S.W.2d 482, 508 (Tex.Cr.App.1996), cert. den=d, 519 U.S. 1119 (1997).  However, the purpose of the Sixth Amendment
is not to make certain that a defendant is afforded representation by the
counsel he wants.  Wheat
v. United States, 486 U.S. 153, 159 (1988).  Nevertheless, if a trial court unreasonably
interferes with the right to choose retained counsel, that denial violates the
Sixth Amendment.  Kozacki v. Knize, 883 S.W.2d 760, 763 (Tex.App.
B Waco 1994, no pet=n).  In McFarland, the trial court
appointed additional counsel to represent the defendant even though original
counsel was retained.  The defendant
raised the objection that such action interfered with his right to choose his
counsel.  In McFarland the court
held that: AWhere a
trial court deems...that retained counsel may need assistance, it is acceptable
to sua sponte
appoint additional counsel, and does not violate a defendant=s right to counsel of choice.@ 
McFarland v. State, supra at 508.   








The reasoning of McFarland is controlling
in this case.  Here, appellant had the
lawyer he wanted during the punishment phase of his trial.  The trial court allowed Martin to act as lead
counsel during the punishment phase of the trial; that was the plan from the
beginning.  The record reflects that
Wilson did not participate in any of the punishment proceedings in any manner
except to sit at the counsel table.  The
trial court expressed its concerns over Martin=s
lack of actual participation in the guilt/innocence phase of the trial.  The trial court also expressed its concern Afor the record@
as well as Athe jury=s appearance at this phase.@ The trial court did not deny appellant  his right
to retained counsel of his choice.  The
purpose of the Sixth Amendment and of Article I, section 10 of the Texas Constitution
was met; appellant received effective representation by an attorney of his
choice.  See Wheat v. United States,
supra.  Appellant=s first and second points are
overruled.

In the first count, the State charged appellant
with the offense of aggravated sexual assault by causing his male sexual organ
to penetrate K.D.=s
female sexual organ; causing his male sexual organ to penetrate K.D.=s mouth; causing his male sexual organ
to contact her female sexual organ; and causing her mouth to contact his male
sexual organ.  In the second count, the
State alleged that appellant committed the offense of indecency with a child by
exposing his genitals to K.D.  The third
count contained the State=s
charge that appellant committed the offense of compelling prostitution.  By its verdict, the jury found appellant
guilty of each count.

In his fifth point of error, appellant argues that
the double jeopardy provision of the Fifth Amendment to the United States
Constitution prohibits his being convicted of aggravated sexual assault as
charged in count one and of indecency with a child by exposure as charged in
count two.  He argues that indecency with
a child by exposure is a lesser included offense of aggravated sexual
assault.  To punish him
for both would subject him to multiple punishments for the same offense and
would subject him to double jeopardy. While appellant=s proposition may be true in some
situations, it is not universally so; and the issue must be decided on a
case-by-case basis.  Gottlich v. State, 822
S.W.2d 734, 738 (Tex.App. B Fort Worth 1992, pet=n ref=d).








The Fifth Amendment guarantee against double
jeopardy is designed to protect against a second prosecution for the same
offense following conviction, a second prosecution for the same offense
following acquittal, and multiple punishments for the same offense.  Illinois v. Vitale,
447 U.S. 410, 415 (1980); Cervantes v. State, 815 S.W.2d 569, 572
(Tex.Cr.App.1991).  However, those
who commit separate assaults against the same person may be prosecuted and
punished for each instance of criminal conduct. Vernon v.
State, 841 S.W.2d 407, 410 (Tex.Cr.App.1992).  The question is whether appellant committed
one offense or two separate offenses when he sexually assaulted K.D. and when
he exposed himself to her.

In Blockburger
v. United States, 284 U.S. 299 (1932), the Supreme Court set forth the test
for determining whether two offenses are the same:

The
applicable rule is that where the same act or transaction constitutes a
violation of two distinct statutory provisions, the test to be applied to
determine whether there are two offenses or only one, is whether each provision
requires proof of a fact which the other does not. 

 

Blockburger v. United States,
supra at 304.

However, sexual offenses, even though they fall
under the same statute, are not considered the same offense under Blockburger if they do not involve the
same conduct.  Prosecutions are  barred by
jeopardy only when there are multiple offenses arising from Athe same act or transaction@ in certain situations.  Vick v. State, 991
S.W.2d 830, 833 (Tex.Cr.App.1999). 
In Vick, the court determined that the legislature intended, in
sexual offense cases, 
to punish separate acts although the acts might be in close
temporal proximity.  Vick v. State,
supra.  If the acts are separate,
then Blockburger is not implicated because
they are not the same act or transaction.

The defendant in Vick was tried and
acquitted of the offense of aggravated sexual assault.  The State had alleged that Vick had committed
the offense by causing the penetration of the female sexual organ of the victim
by his sexual organ.  After Vick was
acquitted, the State brought another indictment in which it alleged, among
other things, that Vick caused the female sexual organ of the victim to contact
his mouth.  The trial court dismissed the
second indictment based upon double jeopardy grounds.  After the case was affirmed by the Amarillo
Court of Appeals, the Texas Court of Criminal Appeals granted the State=s petition for discretionary
review.  The Court held that Blockburger did not prohibit the second
indictment and that there was no transgression of double jeopardy  because the offenses did not involve
the same conduct.  The State alleged in
the second indictment that Vick caused the victim=s
sexual organ to contact his mouth.  The
first indictment contained an allegation that Vick caused the penetration of
the victim=s sexual
organ with his sexual organ.  The
offenses were separate and distinct acts even though they occurred during the
same criminal transaction.








Appellant relies upon Ochoa v. State, 982
S.W.2d 904 (Tex.Cr.App.1998), Patterson v. State, 96
S.W.3d 427 (Tex.App. B
Austin 2002, State=s pet=n granted, appellant=s pet=n
ref=d), and Hutchins v. State, 992
S.W.2d 629 (Tex.App. B
Austin 1999, pet=n
ref=d, untimely filed). 

In Ochoa, the defendant was charged with
five counts of aggravated sexual assault of a child occurring on different
dates.  He was also charged, in the same
indictment, with five counts of indecency with a child by touching.  Each of the dates of the five aggravated
sexual assaults corresponded to the dates of each of the indecency
offenses.  The jury convicted Ochoa of
only one aggravated sexual assault and one incident of indecency, both alleged
to have occurred on June 16, 1994.  The
victim testified that Ochoa sexually assaulted her during the summer of
1994.  She did not testify about any
specific dates.  One witness testified
that the victim called her on June 16, 1994, and told her that Ochoa Aput his thing in [her] butt.@ 
There was no testimony that Ochoa touched the victim more than one time
on June 16, 1994.  The Court of Criminal
Appeals held that the evidence indicated that Ochoa committed only one offense
on that date and that the trial court should not have submitted the case to the
jury in such a manner that would allow them to convict Ochoa twice for the same
offense.  Either the State should have
been required to elect upon which offense it would proceed or the trial court
should have submitted the indecency allegation as a lesser included
offense.  Ochoa v. State, supra.








In Hutchins, the State charged in one
indictment, among other things not here relevant, that Hutchins penetrated the
female sexual organ of the victim with his penis, that he touched the victim=s genitals with the intent to arouse
and gratify his sexual desire, and that he exposed his genitals to the victim
with that same intent.   All of the
allegations concerned the same date.  The
testimony was that Hutchins first touched the victim=s
sexual organ with his fingers and then penetrated her sexual organ with his
penis.  The Austin Court of Appeals held
that it was undisputed that Hutchins exposed himself to the victim in the
course of penetrating the victim=s
female sexual organ.  The court further
noted that Hutchins committed two violations in this regard: aggravated sexual
assault by penetrating the victim=s
female sexual organ with his penis and indecency of a child by exposure.  Because the violations arose from the same
conduct, double jeopardy principles prevented a conviction for each offense,
and the court set aside the conviction for indecency by exposure.  However, the court upheld the conviction for
indecency with a child by touching the victim=s
genitals with his fingers.  This touching
by Hutchins with his fingers was not the same conduct as, and was distinct
from, Hutchins=s
penetration of the victim=s
sexual organ with his penis.  It was not
a violation of double jeopardy to convict Hutchins of aggravated sexual assault
by penetration and indecency of a child by touching.  The court stated that the outcome would have
been different if the only evidence of touching had been a touching with
Hutchins=s penis
in the process of penetration of the victim=s
female sexual organ.  Hutchins v.
State, supra.

In Patterson, the
indictment contained three counts and five paragraphs.  The allegations were that Patterson penetrated
the victim=s anus
with his penis; that he caused the victim=s
anus to contact his penis; that he touched the victim=s
anus with the intent to arouse or gratify his sexual desire; that he caused the
victim to touch his genitals with the intent to arouse or gratify his sexual
desire; and that he exposed his genitals in the victim=s
presence with the intent to arouse or gratify his sexual desire.  The evidence before the jury showed that
appellant twice penetrated the victim=s
anus with his penis.  The court commented
that the evidence was sufficient to support a conviction for aggravated sexual
assault by penetration of the victim=s
anus by Patterson=s penis
and a conviction for aggravated sexual assault by contacting the victim=s anus with his penis.  The acts were separate and distinct and were
not based upon the same conduct. 
Therefore, separate punishments for each do not constitute multiple
punishments in violation of double jeopardy provisions.  However, the court further observed that the
only sexual contacts were the two acts of penetration and that those support
the aggravated sexual assault convictions. 
Therefore, the convictions for indecency by contact and indecency by
exposure were based upon the same conduct as the conduct involving the two
aggravated sexual assault convictions. 
Under the circumstances in Patterson, the indecency by contact
was the same conduct giving rise to the two aggravated sexual assaults.  Further, the only time Patterson exposed his
penis was when he attempted to cause the victim to touch his penis and then he
penetrated her anus with his penis.  The
court held that the exposure was conduct which was also included within the
aggravated sexual assault convictions.  Patterson
v. State, supra.  We note that on May
21, 2003, the Texas Court of Criminal Appeals granted the State=s petition for discretionary review in Patterson.








The cases relied upon by appellant are at the same
time distinguishable and instructive.  In
this case, appellant performed at least three distinct types of conduct: (1)
when he was sitting naked talking to K.D. and showing her his clean penis; (2)
when he penetrated K.D.=s
mouth with his penis; and (3) when he vaginally penetrated her with his
penis.  The act of exposure was not
merely incidental to the two penetrations. 
Although in close temporal proximity, the violations did not arise from
the same conduct, and the punishment for those separate instances of conduct do
not constitute multiple punishments for the same offense.  Double jeopardy principles are not violated.   See Ochoa v. State, supra; Hutchins
v. State, supra.  We overrule
appellant=s fifth
point of error.

In his sixth point of error, appellant argues
that, during its punishment phase argument, the State argued things to the jury
that were not in the record.  In its argument,
the State basically told the jury that appellant had been doing this very same
thing for many years.  Appellant=s chosen attorney objected, and the
trial court sustained the objection.  The
trial court also instructed the jury to disregard the argument.  However, the trial court denied appellant=s motion for mistrial which is what
appellant complains of on appeal.

Jury argument by the State must fall within one of
the following general categories in order to be permissible: (1) summation of
the evidence; (2) reasonable deduction from the evidence; (3) answer to
argument of opposing counsel; or (4) plea for law enforcement.  Felder v. State, 848 S.W.2d 85, 94‑95
(Tex.Cr.App.1992), cert. den=d,  510 U.S. 829 (1993).  If the defendant=s
attorney invites the argument, then the State is allowed to respond to the
argument.  Albiar v. State, 739
S.W.2d 360, 362 (Tex.Cr.App.1987). 
The State maintains that its argument was invited by appellant=s attorney.

Appellant=s
attorney made the following statement during jury argument:

You know, you can draw on your own experiences,
and you should.  Common sense is what
makes this system work.  Do people
somehow all of a sudden at age 63, 62, change from a much admired person who no
one can think of any criticism of to a sex maniac?  Can that really happen in your
experience?  Do you know people like
that, that all of a sudden at age 63 just went crazy?  Maybe you do. 
I don=t.  But that is something to think about, isn=t
it?

 

Maybe you could postulate, well, he=s
been doing this ever since he was 14 years old for the last 40 years.  That=s
pretty unlikely, isn=t
it?  What we=veBwhat
it looks like we=re saying
here is that somehow a man who lived as close to a perfect life as anybody
could, all of a sudden becomes a sex maniac.








 

The States=s argument about which appellant
complains was made following appellant=s
argument.  The State argued:

His
biggest problem is he wants to have sex with girls and pay money for it....He didn=t
change all of a sudden.  He didn=t
start at 63 and become a sex maniac. 
This is a long progression.  He
has done this over a course of many years.

 

The State=s
argument was permissible as a response to the argument made by appellant=s attorney.  Furthermore, Jennifer Denise Johnson
testified that she and her mother, Tillie Johnson,  had procured girls for appellant.  Another witness, Judy Sapp, testified that
she had procured girls for appellant during the 15 years that she had known him.  The desk manager employed by Econo Lodge testified that appellant had been there about
250 times and that he usually brought a girl there with him.

Appellant testified that he did not go to the Econo Lodge as often as the desk clerk said and that the
times he did go there was in connection with his volunteer counseling ministry
that included tutoring and financial assistance on occasion.  His home and the homes of those he counseled
were normally too crowded and too noisy to be conducive to the performance of
his work.   At times, the counseling
sessions would conclude with the participants going out for a meal.  He never went to the motel for sexual
purposes, only to engage in his ministry of helping others with their
problems.  He had performed these
counseling services for Tillie Johnson and Renee Dunn, among others.

The State=s
argument was within the bounds of permissible jury argument because it was
invited by appellant=s
attorney=s
argument and also because it was a proper summation of
the evidence.  Appellant=s sixth point of error is overruled.

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

March 25, 2004

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.