NO. 12-02-00291-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


JERRY JERGER,                                               §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            On August 19, 2002, Jerry Jerger (“Appellant”) pleaded guilty to the offense of aggravated
assault on a public servant pursuant to the trial court’s “timely pass for plea” plan.


 After
Appellant’s guilty plea, the trial court sentenced him to 25 years of imprisonment and a $5,000.00
fine. Appellant raises three issues on appeal. We affirm.

Background
            This is the second appeal from Appellant’s August 19 conviction. On November 20, 2002,
Appellant’s counsel filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969),
asserting that he did not believe that either of Appellant’s cases had any meritorious issues for
appeal. Appellant also filed a brief pro se, contending that he was denied his right to counsel during
the post-trial, pre-appeal time period for filing a motion for new trial in the aggravated assault case. 
            In an opinion dated August 29, 2003, we agreed with Appellant’s contention that he did not
have the effective assistance of counsel during the critical time period for filing a motion for new
trial; therefore, he was deprived of the opportunity to present a motion for new trial and make a
record for appellate review. See Jerger v. State, No. 12-02-00291-CR, slip op. at 6, 2003 WL
22047897, at * 5 (Tex. App.– Tyler 2003, no pet.) (not designated for publication). Based on our
review of the record, we concluded that Appellant was harmed by the deprivation of counsel during
that critical stage. Id. 
            The remedy we fashioned was to 1) abate the appeal for ninety days or until a supplemental
clerk’s record containing the trial court’s order appointing a new attorney was filed, whichever was
the earlier date, and 2) remand the case back to the trial court so that counsel could be appointed to
assist Appellant in filing a motion for new trial. Id. at 7. We also ordered that the abatement would
allow the timetable for the motion for new trial to begin running as soon as counsel was appointed,
with such appointment to occur no later than fifteen days from the date of the opinion. Id. 
            On September 19, Thad Davidson (“Davidson”), Appellant’s counsel in this appeal, filed a
letter informing the trial court that he had been contacted by Sandra Emerson (“Emerson”), the
holder of Appellant’s power of attorney, about filing a motion for new trial and handling any
resulting appeals. Davidson asked the trial court to appoint him as appellate counsel for Appellant;
however, he also stated that he was “perfectly willing to be hired counsel” for Appellant and that
Emerson and her family had paid him a retainer for representing Appellant. The letter also contained
1) an affidavit from Emerson, stating that she and her family would fund Davidson’s efforts on
Appellant’s behalf, and 2) Appellant’s signed power of attorney granting Emerson the power to act
on his behalf.
            On September 22, Davidson filed a letter addressed to the trial court and the district
attorney’s office, informing them that he had been retained as counsel for Appellant in the remanded
case and that he intended to timely file a motion for new trial and any appeal resulting from the
denial of the motion. 
            On October 6, Melvin Thompson (“Thompson”) and Davidson jointly filed a “Motion to
Substitute Counsel,” stating that 
 
[t]he appointed counsel on this case is Melvin Thompson, of Tyler, Texas. Mr. Jerger’s statutory
power of attorney, however, recently hired Thad W. Davidson, a licensed TX attorney in Tyler, TX,
to represent Mr. Jerger in his criminal case and appeal. Mr. Thompson and Mr. Davidson have
consulted with one another on this matter, and Mr. Thompson has agreed to withdraw from this case
so that Mr. Davidson can carry out Mr. Jerger’s wishes and be his lawyer. 
 
The motion concluded by asking the trial court to grant a substitution of counsel so that Davidson
could be “Mr. Jerger’s attorney of choice, and attorney of record, in this matter.” The trial court
granted the motion the same day.
            On October 14, Appellant, through Davidson, filed a motion for new trial, arguing that his
sentence should be set aside and a new trial ordered because 1) material evidence favorable to
Appellant had been discovered since the trial, 2) Appellant received ineffective assistance of counsel
during the original proceedings, and 3) Appellant is not guilty of the offense of aggravated assault
against a public servant. This motion was overruled by operation of law.
            In this appeal, Appellant contends that his conviction should be reversed because 1) the trial
court violated Appellant’s right to counsel by violating our August 29 order, 2) Appellant’s trial
attorney failed to provide effective assistance of counsel, and 3) newly discovered evidence raises
a reasonable doubt as to whether or not he is guilty of aggravated assault on a public servant. 

Was Appellant’s Right to Counsel Violated?
            In his first issue, Appellant argues that his right to counsel was violated again because he did
not have the full amount of time available to him to file a motion for new trial. He bases this
argument on the fact that he never received appointed counsel or, alternatively, his retained counsel
was not “officially recognized in some way as appellant’s attorney on appeal until 22 days after the
date Mr. Jerger should have received an appointed attorney.” Appellant contends that although his
attorney was able to timely file a motion for new trial, the attorney “was rushed, and further
information helpful to the appellant would have been added to it had there been sufficient time to
get the work done to obtain it.” We disagree.
            Our August 29 opinion stated that the thirty-day time period for filing a motion for new trial
would begin running “as soon as counsel is appointed, which shall occur no later than fifteen days
from the date of this opinion.” Therefore, the time period for filing a motion for new trial would
have begun on September 15 and ended on October 15. The record demonstrates that Appellant had
retained counsel at some point before September 19, as evidenced by Davidson’s letter to the court,
which was filed on September 19.


 The fact that Appellant was not appointed counsel at all is
inconsequential because had the court appointed counsel for Appellant after he retained counsel,
such an interference with Appellant’s right to choose his counsel would have violated the Sixth
Amendment. See Kozacki v. Knize, 883 S.W.2d 760, 762 (Tex. App.– Waco 1994, no writ). 
            Further, Appellant’s argument that his counsel was “rushed” in filing a motion for new trial
is also without merit. Although Davidson was retained at some point before September 19, he chose
to wait until October 14 to file the motion. Excluding the four days between the start of the period
for filing a motion for new trial and the time Davidson informed the court that he was Appellant’s
retained counsel, Davidson had twenty-six days to investigate and raise any potential issues to
include in the motion for new trial.    Therefore, Appellant cannot reasonably argue that he was
deprived of counsel during the critical time period for filing a motion for new trial. Appellant’s first
issue is overruled.

Ineffective Assistance of Counsel and Newly Discovered Evidence
            In his second and third issues, Appellant contends that he was deprived of the effective
assistance of counsel while he was represented in the trial court during the plea proceedings in the
trial court. Specifically, Appellant argues that his trial counsel 1) failed to attempt to obtain “police
videotapes and radio records” of the events leading to his arrest, and 2) had his trial counsel obtained
Appellant’s cell phone records and provided them to the State, the State would have had no choice
but to dismiss the case.



            Claims of ineffective assistance of counsel are evaluated under the two-step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The
first step requires an appellant to demonstrate that trial counsel's representation fell below an
objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S.
at 688, 104 S. Ct. at 2065. To satisfy this step, an appellant must identify the acts or omissions of
counsel alleged to be ineffective assistance and affirmatively prove that they fell below the
professional norm of reasonableness. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial
counsel’s representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.
            To satisfy the Strickland standard, an appellant is also required to show prejudice from the
deficient performance of his attorney. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient
performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at
694, 104 S. Ct. at 2068.
            In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. Id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. Id. Appellant
cannot meet this burden if the record does not affirmatively support the claim. See Jackson v. State,
973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate
whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841 S.W.2d 928, 932
(Tex. App.– Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective
assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.– Amarillo 1998, pet.
ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with
inadequate records to support ineffective assistance claim). A record that specifically focuses on the
conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. See Kemp
v. State, 892 S.W.2d 112, 115 (Tex. App.– Houston [1st Dist.] 1994, pet. ref'd).
            In the case at hand, the record is completely silent as to the reasons Appellant’s trial counsel
chose the course he did. Although Appellant argued in an affidavit attached to his motion for new
trial that his attorney failed to properly investigate his case, there is no evidence from Appellant’s
trial counsel regarding the actions he took. As such, we hold that Appellant has not met the first
prong of Strickland because the record does not contain evidence concerning Appellant’s trial
counsel’s reasons for choosing the course he did. As such, we cannot conclude that Appellant's trial
counsel was ineffective. Appellant’s issues two and three are overruled.

Conclusion
            Appellant was represented by retained counsel for twenty-six of the thirty critical days for
filing a motion for new trial; therefore, Appellant was not deprived of his right to counsel during the
time for filing a motion for new trial. Appellant has also failed to direct us to any evidence that
shows his trial counsel was ineffective during his representation of Appellant in the court below. 
Accordingly, the judgment of the trial court is affirmed.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.










(DO NOT PUBLISH)