IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00019-CR

 

In re
Roger L. Keeling

 

 



Original Proceeding

 

 



O p i n i o n



 

            Relator Roger L. Keeling seeks mandamus relief regarding the trial
court’s June 14, 2006 Order and Supplemental Order and an attached Bill of Cost
for Conviction.  Keeling’s application (petition) for writ of mandamus alleges
that on January 27, 1992, he pled guilty in cause number 91-12-14,899-CR in the
82nd District Court and, under a plea bargain, was sentenced to five years in
prison.  He alleges that on December 1, 1996, he was discharged from his
sentence and was released from prison on parole.

            Although the petition does not discuss
any details, Keeling has since been re-imprisoned.  He alleges that in late
June 2006, he received notice that the convicting court for his 1992 conviction
had entered a June 14 Supplemental Order and Bill of Costs.  The Supplemental
Order provides:

IT IS SO ORDERED that the Clerk of the Court
assess court costs, fees, and/or fines against the Offender, for court costs,
fees, and/or fines pursuant to Section 501.014 of the TEXAS GOVERNMENT CODE. 
Furthermore, the Clerk is to forward a certified copy of this Supplemental
Order and Bill of Cost to the Texas Department of Criminal Justice Inmate Trust
Fund and the offender.

 

            The Bill of Cost assesses court costs
of $123.50 for cause number 91-12-14,899-CR.  The primary order is directed to
“Inmate Trust Account, Texas Department of Criminal Justice” (with a copy to
Keeling) and orders that payment be made out of Keeling’s inmate trust account
as follows:  an initial amount equal to the lesser of 20% of the preceding six
month’s deposits in the inmate’s account or the total amount of costs; and in
each following month, an amount equal to 10% of that month’s deposits to the
inmate’s account or the total amount of unpaid costs.

            Keeling alleges that thereafter, he
learned that his trust account had been closed and he received a monthly
balance slip showing that his account had been “attached” and that he was being
charged for the above costs.  After exhausting prison grievance proceedings, on
August 28, Keeling filed with the convicting trial court a motion requesting
that it rescind or reconsider the Supplemental Order.  Keeling alleges that,
despite several requests by him for the trial court to rule, the trial court has
never ruled on Keeling’s motion.  Nor has the trial court responded to our
request for a response to Keeling’s petition for writ of mandamus.

            Our analysis of the Supplemental Order
begins with the statute that it relies on.  Government Code section 501.014(e)
provides:  

          (e) 
On notification by a court, the department shall withdraw from an inmate’s
account any amount the inmate is ordered to pay by order of the court under
this subsection.  The department shall make a payment under this subsection as
ordered by the court to either the court or the party specified in the court
order.  The department is not liable for withdrawing or failing to withdraw
money or making payments or failing to make payments under this subsection. 
The department shall make withdrawals and payments from an inmate’s account
under this subsection according to the following schedule of priorities:

(1) as payment in full for all orders for child
support;

(2) as payment in full for all orders for
restitution;

(3) as payment in full for all orders for
reimbursement of the Texas Department of Human Services for financial
assistance provided for the child's health needs under Chapter 31, Human
Resources Code, to a child of the inmate;

(4) as payment in full for all orders for court
fees and costs;

(5) as payment in full for all orders for fines;
and

(6) as payment in full for any other court order,
judgment, or writ.

 

Tex. Gov’t Code Ann. § 501.014(e) (Vernon 2004).

            The Department received the
Supplemental Order and acted on it under section 501.014(e).  Our focus,
however, is on the entry of the Supplemental Order, which ordered the removal of money from Keeling’s trust account

A prison inmate has a property interest in his inmate trust
account.  Covarrubias v. Tex. Dep’t of Crim. Justice, 52 S.W.3d 318, 324
(Tex. App.—Corpus Christi 2001, no pet.); Brewer v. Collins, 857 S.W.2d
819, 823 (Tex. App.—Houston [1st Dist.] 1993, no pet.); see also Op. Tex. Att’y Gen. No. GA-0534 (2007) (county has right to reimbursement from inmate but
must comply with applicable due-process requirements).  “A deprivation of personal property
without due process violates the United States and Texas Constitutions.”  Texas
Workers’ Comp. Comm’n v. Patient Advocates of Tex., 136 S.W.3d 643, 658 (Tex. 2004).

The Texarkana court recently examined this same
issue in Abdullah v. State, 211 S.W.3d 938 (Tex. App.—Texarkana 2007, no
pet.).  That opinion focuses—correctly—on the procedural due process aspect of
such orders, analogizing them to turnover orders and garnishments.  See id.
at 940-41.

The issue as
raised by Abdullah, in simple terms, is whether he was accorded due process of
law and given proper notice before the State took his money.  In simple terms, the
answer is: No.

. . .

It is
apparent from the extremely skimpy nature of these proceedings that no attempt
was made to follow garnishment procedure, turnover procedure, or any other type
of procedure before the trial court entered its order.  There are no pleadings, no proper writ of
garnishment, no notifications, no warnings, and no opportunity to respond.  Although
a judgment of conviction typically reflects the amount of costs incurred, this
one does not.  When a judgment does contain that information, it would often be
clear what amount of costs existed, and the Legislature has provided a means to
garnish the funds available to inmates through their trust accounts so as to
satisfy the state’s expenses.  Neither that means, nor any other procedure, was
utilized in this case.

 

Id. at
941 (footnote omitted).  Abdullah notes that another statute (Civil
Practice and Remedies Code § 63.007)[1]
applies to garnishment of inmate accounts, but Texas garnishment rules (Tex. R. Civ. P. 657-679) plainly had not
been followed.  Id. at 941-43.  The court thus concluded that the inmate
was not afforded procedural due process in the entry of the section 501.014(e)
order and reversed it.[2]  Id. at 942.

            We agree with the Texarkana court’s
analysis, and we hold that Keeling was not afforded procedural due process in the
trial court’s entry of the Supplemental Order.    Abdullah,
however, was in a different procedural posture; it was treated as a civil
appeal and the trial court’s order was reversed.  See id. at 939-40
& n.1.  Keeling seeks mandamus relief.  He is entitled to it.

            An order entered without due process
is void.  Cf. In re Taylor, 130 S.W.3d 448, 449
(Tex. App.—Texarkana 2001, orig. proceeding); cf. also Abdullah,
211 S.W.3d at 243 (order removing funds from inmate’s account did not afford
procedural due process for inmate’s property interest).  Mandamus relief may be
afforded where the trial court’s order is void.  In re Acceptance Ins. Co.,
33 S.W.3d 443, 454 (Tex. App.—Fort Worth 2000, orig. proceeding); see also
Dikeman v. Snell, 490 S.W.2d 183, 186 (Tex. 1973) (providing mandamus
relief for void nunc pro tunc judgment entered after original judgment had
become final).  If the subject order is void, the relator need not show he did
not have an adequate appellate remedy, and mandamus relief is appropriate.  In
re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000).  And even if
the subject order is not void but voidable or erroneous and Keeling
theoretically has some other remedy at law, a “technically available legal remedy
will not defeat a petitioner’s entitlement to mandamus relief when the remedy
is ‘so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or
ineffective as to be deemed inadequate.’”  In re Davis, 990 S.W.2d 455,
457 (Tex. App.—Waco 1999, orig. proceeding) (citing State ex rel Holmes v.
Court of Appeals, 885 S.W.2d 389, 394 (Tex. Crim. App. 1994) (quoting Smith
v. Flack, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987)); and Kozacki v.
Knize, 883 S.W.2d 760, 762 (Tex. App.—Waco 1994, orig. proceeding)).  Given
the subject matter and the circumstances—the 2006 garnishment of funds without
due process from an inmate’s trust fund account to recover court costs from a
1992 conviction from which the inmate had been paroled in 1996—other theoretical
remedies are inadequate and mandamus relief is appropriate.  Cf. id.

            Because Keeling was not afforded
procedural due process before entry of the Supplemental Order, that order is
void, and any funds removed from Keeling’s inmate account must be returned to
his account.  Accordingly, we conditionally grant mandamus relief, and the writ
will issue only if the trial court fails to vacate its June 14, 2006 Order and Supplemental
Order and fails to order the return of any removed funds within fourteen days
after the date of this opinion.

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray dissenting)

Petition
granted and writ conditionally issued

Opinion
delivered and filed June 6, 2007

Publish

[OT06]

 









[1]               “A writ of
garnishment may be issued against an inmate trust fund held under the authority
of the Texas Department of Criminal Justice under Section 501.014, Government
Code, to encumber money that is held for the benefit of an inmate in the fund.”  Tex.
Civ. Prac. & Rem. Code Ann. § 63.007(a) (Vernon Supp. 2006).

 





[2]               Abdullah
summarizes the due process analysis:

The Fourteenth Amendment to the United States Constitution
protects against deprivation of life, liberty, or property by the State “without
due process of law.”  Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).  These words “require that deprivation of life,
liberty or property by adjudication be preceded by notice and opportunity for
hearing appropriate to the nature of the case.”  Logan v. Zimmerman
Brush Co., 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982); Thoyakulathu
v. Brennan, 192 S.W.3d 849 (Tex. App.—Texarkana 2006, no pet.). The opportunity to be heard is the fundamental
requirement of due process; it is an opportunity which must be granted at a
meaningful time and in a meaningful manner.  Armstrong
v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Brewer
v. Collins, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no
writ).  Requiring the government to follow appropriate procedures when its
agents decide to “deprive any person of life, liberty, or property,” the Due
Process Clause promotes fairness in such decisions.  Daniels, 474 U.S. at 331, 106 S.Ct. 662.

. . .

A helpful test in
examining the question of whether due process was afforded employs a two-step
inquiry:  (1) Did the individual possess a protected interest to which due
process protection was applicable?  (2) Was the individual afforded an appropriate
level of process?  Copelin-Brown v. N.M. State Personnel Office, 399
F.3d 1248, 1254 (10th Cir. 2005).

Abdullah, 211 S.W.3d at 941-42 & n. 7.

 








0; We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 8, 1995
Do not publish