**James Lewis FOSTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–91–044 CR.**

Court of Appeals of Texas,
Beaumont.

Sept. 25, 1991.

As Corrected Oct. 2, 1991.

Douglas Barlow, Beaumont, for appellant.

Tom Maness, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Robbery. Enhancement paragraphs in the indictment raised appellant's status to that of an habitual offender. Appellant pleaded guilty to the alleged offense before the jury. Testimony was elicited from several State's witnesses. Appellant called no witnesses nor did he testify in his own behalf. Appellant pleaded "true" to all eight enhancement allegations. After finding appellant guilty, the jury assessed punishment at fifty (50) years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant's brings us three points of error for consideration, to-wit:

Point of Error One: The trial court erred in failing to grant appellant's motion to dismiss his trial counsel.

Point of Error Two: The trial court erred in failing to admonish appellant pursuant to the mandatory requirements of Article 26.13, Texas Code of Criminal Procedure.

Point of Error Three: Reversible Error occurred when the prosecutor commented on matters outside the record during jury argument.

The record before us reflects that on the day of trial and immediately prior to the selection of the jury, appellant requested that his trial counsel be "dismissed" from the case "because I feel like he is not the best interest (sic) of my case because he haven't (sic) come to talk to me about none of these here indictments (sic) or nothing." The trial court responded that such a request was untimely and denied the appellant's request. This colloquy on the dismissal of appellant's trial attorney continues for approximately seven pages in the statement of facts before us. At one point, appellant's trial attorney joined in appellant's request to be dismissed. The trial court denied the request each time it was raised.

Appellant's first point of error argues that appellant had an absolute right not to be represented by counsel and to proceed pro se. The appellant relies on *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45

L.Ed.2d 562 (1975) for the proposition that if an accused timely invokes his right to dismiss his trial counsel and represent himself, reversible error will result if such demand is denied. Appellant concedes in his appellate brief that appellant never expressed the desire to represent himself; but that appellant's comments questioning his trial attorney's abilities to defend him "leads to the inescapable conclusion that he (appellant) would prefer to have represented himself than to be represented by that trial counsel." We do not agree.

■■■■ The right to self-representation does not attach until it has been clearly and unequivocally asserted. *Scarbrough v. State*, 777 S.W.2d 83 (Tex.Crim.App.1989); *Funderburg v. State*, 717 S.W.2d 637 (Tex. Crim.App.1986). We hold that appellant did not clearly and unequivocally assert his right of self-representation. As such, the trial court was correct in refusing to dismiss appellant's trial counsel on the day of trial. When the trial court has no notice of an accused's alleged dissatisfaction with the services of his trial counsel until the day of trial, no error is presented by the trial court's refusal to appoint new counsel. *Brown v. State*, 464 S.W.2d 134 (Tex.Crim. App.1971). *See, Webb v. State*, 533 S.W.2d 780 (Tex.Crim.App.1976). Point of error one is overruled.

■■ Appellant's second point of error complains of the trial court's admonishment of appellant after appellant pleaded guilty. The record before us provides that the trial court did fail to admonish appellant that if he (appellant) is not a citizen of the United States, a plea of guilty for the offense charged may result in deportation, or the denial of naturalization under federal law. TEX.CODE CRIM.PROC.ANN. art. 26.-13(a)(4) (Vernon 1989). Appellant argues that reversal is in order relying on *Ex parte Cervantes*, 762 S.W.2d 577 (Tex. Crim.App.1988). *Cervantes* is distinguishable from the instant case in that *Cervantes* involved a post-conviction application for writ of habeas corpus. No direct appeal was taken after the defendant in *Cervantes* was convicted of felony D.W.I. and sentenced to five years in the Texas Department of Corrections. The record before the Court of Criminal Appeals in *Cer-vantes* reflected that the defendant faced imminent deportation proceedings as a result of his conviction. While the rather short, per curiam opinion in *Cervantes* does not explicitly so state, we feel that the rationale of the Court in setting aside the conviction was based on the lack of a free and voluntary plea by the defendant. This reading is more in line with the oft-cited general rule that when the record reflects that the trial court's admonishment was incomplete or incorrect, there is a prima facie showing of a knowing and voluntary plea of guilty; and the burden then shifts to the accused to show that he entered the plea without understanding the consequences of his action and thus was harmed. *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex. Crim.App.1985); *Ex parte Smith*, 678 S.W.2d 78 (Tex.Crim.App.1984).

The record before us in the instant case provides us with ample evidence that appellant was indeed a citizen of the United States. State's Exhibits 9–11 were penitentiary packets containing the judgments and sentences of appellant's prior convictions. Also contained in each of the penitentiary packets was an identification card. Each of the identification cards lists the appellant's place of birth as Harris County, Texas; and his nationality as "American." The penitentiary packets were admitted without objection. Furthermore, State's Exhibit 12, also admitted without objection, was identified as the contents of appellant's wallet. Among the contents, there is what appears to be an expired Texas voter registration card in appellant's name, a Social Security "stub" in appellant's name, and a copy of appellant's birth certificate confirming his place of birth as Harris County, Texas. Absent the remarkable circumstance of renunciation of citizenship, we are satisfied that appellant is a natural born citizen of the United States.

■■ We find, therefore, that appellant has failed to meet his burden with regard to the test discussed in *Gibauitch, supra* and *Smith, supra*. We agree with the holding in *Sims v. State*, 783 S.W.2d 786 (Tex.App.—Houston [1st Dist.] 1990, no pet.) that when the record does not indicate that an accused is anything other than a United States citizen, a trial court's failure

to address the deportation issue of article 26.13(a)(4) is not reversible error. *Sims, supra* at 788. Point of error two is overruled.

Appellant's final point of error complains of a comment of the prosecutor during final arguments. The portion of the argument of which appellant takes issue came during the State's attempt to point out to the jury that appellant, although having eight prior felony convictions, has never been sentenced to serve more than twelve years in the penitentiary. The State continued:

> Eight prior convictions spaced out over a term of 16 years, and he's never been ordered to the penitentiary for more than 12 years. Why? Because he's committed his crimes in an urban county.
>
> Mr. Lanier (for appellant): Your honor, I object to that. That is outside the record.
>
> The Court: Sustained.
>
> Mr. Lanier: Ask the jury to disregard the last comments by Mr. Rodriguez.
>
> The Court: Jury will disregard the last comment and not consider it for any purposes in this trial.
>
> Mr. Lanier: We'd move for a mistrial.
>
> The Court: Denied.

Appellant argues that the State's reference as to why appellant had only been sentenced to twelve years or less among eight felony convictions was an attempt to bring matters outside the record before the jury and inject new and prejudicial facts which were not supported by the record. Obviously, the trial court agreed that the State's comment was improper jury argument and instructed the jury to disregard the comment.

 Proper jury argument falls within one of four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Crim.App.1973). Error exists when facts not supported by the record are interjected. Such error, however, is not reversible unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a manda-

tory statute, or injects new facts, harmful to the accused, into the trial. *Allridge v. State*, 762 S.W.2d 146 (Tex.Crim.App.1988). As pointed out above, the trial court in the instant case did sustain appellant's objection and promptly instructed the jury to disregard the State's comment. We find, in light of the record as a whole, the comment did not inject facts harmful to appellant. Appellant pleaded guilty. The jury was aware that appellant had already been convicted of felonies on eight previous occasions dating back to 1972. Appellant pleaded true to all of the allegations of prior convictions. Appellant, as an habitual offender, was facing a punishment range of from twenty-five (25) years minimum up to life. The sentence of fifty (50) years confinement in the state penitentiary, in light of the above facts, cannot be said to be reflective of harm vis-a-vis the possible impact of the improper comment on the jury even after the trial court's instruction to disregard. This instruction was sufficient to cure the error. *Pyles v. State*, 755 S.W.2d 98 (Tex.Crim.App.) *cert. denied,* 488 U.S. 986, 109 S.Ct. 543 (1988), 102 L.Ed.2d 573. Point of error three is overruled, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.