Carranza v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-076-CR

     ROLAND CARRANZA,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 204th District Court
Dallas County, Texas
Trial Court # F93-56348-JQ
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Carranza appeals from his conviction for possession of cocaine (less than 28
grams), enhanced, for which he was sentenced to forty years in the Texas Department of Criminal
Justice.
      Appellant was indicted March 4, 1993, for possession of cocaine, less than 28 grams,
enhanced by one prior felony conviction. On November 5, 1993, he pled guilty without a
negotiated plea agreement, and pled true to the enhancement.
      The trial judge advised Appellant that the range of punishment was not less than five or more
than ninety-nine years, or life, plus a fine up to $10,000. Appellant stated to the trial judge that
he understood the charge and the punishment range; that he wished to give up his right to a jury
trial and plead guilty before the judge; that he could read and write the English language; and that
he understood the documents he had signed in this case. The State offered Appellant's signed
written-judicial confession and stipulation of evidence, and he signed a plea of true and stipulation
of evidence to the enhancement. Two pen packets reflecting prior convictions for two felony
offenses were introduced into evidence.
      On January 6, 1994, the trial court placed Appellant on deferred adjudication for ten years. 
One of the conditions of Appellant's probation was that he not use cocaine or marihuana.
      On January 27, the State filed a motion to adjudicate guilt, alleging Appellant violated the
terms of his probation by using both cocaine and marihuana.
      On February 25, Appellant's deferred adjudication was revoked, he was found guilty as
charged, the enhancement paragraph was found to be "true," and Appellant was sentenced to forty
years in prison.
      Appellant appeals on one point of error: "The trial court erred by failing to admonish the
defendant of the consequences of the plea at the time he entered his plea of guilty."
      Article 26.13(a)(4), Texas Code of Criminal Procedure, provides that the following
admonition shall be given:
The fact that if the defendant is not a citizen of the United States of America, a
plea of guilty or nolo contendere for the offense charged may result in
deportation, the exclusion from admission to this country, or the denial of a
naturalization under federal law.
      The record reflects that the trial court did not admonish Appellant in accordance with Article
26.13(a)(4) prior to accepting his plea of guilty. Appellant asserts that failure to make this
admonition is reversible error, and that Appellant need not show harm to obtain a reversal, citing
Morales v. State, 872 S.W.2d 753 (Tex. Crim. App. 1994).
      Morales, supra, does hold what Appellant recites. Nevertheless, where there is no plea
bargain as to punishment, a free and voluntary plea of guilty bars all non-jurisdictional defects. 
Lyon v. State, 872 S.W.2d 732, 735, n.8 (Tex. Crim. App. 1994); Helms v. State, 484 S.W.2d
925, 927 (Tex. Crim. App. 1972); Christal v. State, 692 S.W.2d 656, 658 (Tex. Crim. App.
1981).
      Moreover, a judicial confession, standing alone, is sufficient to sustain a conviction upon a
guilty plea. Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980).
      Two Courts of Appeal have addressed the identical issue Appellant raises here, i.e., the lack
of an admonishment under Article 26.13(a)(4). Mitchell v. State, 848 S.W.2d 917, 919 (Tex.
App.—Texarkana 1993, pet ref'd); Foster v. State, 817 S.W.2d 390, 391 (Tex. App.—Beaumont
1991). Those cases hold that a defendant who was a citizen of the United States was not entitled
to admonishment under Article 26.13(a)(4) at a guilty plea hearing because such admonition is not
applicable to a United States citizen.
      In Morales, the record was silent as to whether Morales was a United States Citizen. Morales
was a plurality decision in which three judges joined with two concurring opinions, and four
judges dissenting.
      In the instant case, as in Mitchell and Foster, supra, the record reflects that Appellant is a
United States citizen, he having been born in Bexar County, Texas.
      Appellant further complains the trial court failed to admonish him under Article 26.13(a)(2)
and (3). Both of these subsections apply to situations in which there is a plea bargain as to
punishment between the State and defendant. In this case, there was no plea bargain. Appellant's
plea of guilty was an open plea of guilty without any agreement with the State.
      Appellant's point is overruled. The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 12, 1995
Do not publish



er="0">

 must be electronically
recorded to be admissible against another co-defendant. See Tex. Code Crim. Proc. Ann.
art. 38.22 §3 (a)(1) (Vernon Pamp. 2004). Therefore, even if Smith had preserved this
complaint, his inadequate briefing presents nothing for review. Tex. R. App. P. 38.1; see
Walder v. State, 85 S.W.3d 824 (Tex. App.—Waco 2002, order).
      Smith then contends, in his third issue, the trial court erred in failing to enter an order
pursuant to article 38.22 of the Code of Criminal Procedure regarding the voluntariness of the
statements of Smith’s co-defendants and in failing to instruct the jury not to consider such
statements unless they were voluntarily made. See Tex. Code Crim. Proc. Ann. art 38.22
§§6, 7 (Vernon Pamp. 2004). Smith again presents nothing that would support the proposition
that article 38.22 applies to the voluntariness of co-defendants’ statements. His issue is
inadequately briefed and presents nothing for review. Tex. R. App. P. 38.1; see Walder v.
State, 85 S.W.3d 824 (Tex. App.—Waco 2002, order); see also McCarthy v. State, 65 S.W.3d
47, 49 n. 2 (Tex. Crim. App. 2001).
Conclusion
      The trial court’s judgment is affirmed.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed 
Opinion delivered and filed March 10, 2004
Do not publish
[CRPM]