# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00542-CR

**Rene Gomez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
## NO. CR2002-136, HONORABLE SAM ROBERTSON, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Rene Gomez was convicted of three counts of possession with intent to deliver a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2005). In one issue, Gomez appeals the district court's denial of his motion to substitute counsel. Gomez claims that the district court's ruling violated his right to retain counsel of his choice. We will affirm the district court's denial of the motion to substitute counsel.

## BACKGROUND

The district court appointed Atanacio Campos to represent Gomez in May 2004 and set his case for jury trial on Monday, August 23, 2004. At the docket call on the Thursday before trial, Ronald Zipp appeared on behalf of Gomez and informed the district court that he had just been hired to take over the case. Zipp filed a motion to substitute counsel and a motion for continuance

that same day. Although the motion to substitute counsel stated that Gomez no longer wanted Campos to represent him, it provided no specific grounds supporting the request. The district court denied the motion to substitute counsel and the motion for continuance because the trial was only days away. At the same time, the district court informed Gomez:

> Whoever represents you next week . . . is going to be between the lawyers . . . but as far as I am concerned, the lawyer already appointed for you [Campos] will be your lawyer, so y'all have to get it worked out however you're going to do it, all right?

After a brief recess, Gomez appeared the same day with Campos and entered a plea of guilty to all charges and a plea of true to a prior conviction for purposes of enhancement of punishment. The district court followed the state's recommendation and sentenced Gomez to twenty-three years in prison.

Gomez filed a motion for new trial alleging that the district court violated his right to be represented by counsel of his choice. He also claimed that this alleged violation resulted in an involuntary plea. At a hearing on the motion for new trial, Gomez testified that he thought he was unable to consult with his retained counsel, Zipp, before entering a plea of guilty:

Q: Why did you think Mr. Zipp was not there [in court, following the recess] at that time?

A: Mr. Campos stated to me I couldn't speak to him. He was not my attorney no more.

2

Gomez further testified that Campos advised him to enter a plea of guilty and to accept the offer of a twenty-three year sentence to avoid the risk that a jury would sentence him to sixty-five years in prison.[1] Gomez pleaded guilty that afternoon.

## DISCUSSION

In a single point of error, Gomez contends that the district court erroneously denied his right to retain counsel of his choice. He claims that this error is structural and, therefore, not subject to harm analysis.

The constitutions of both the United States and Texas contemplate the right to counsel of one's choosing. *See Wheat v. United States*, 486 U.S. 153, 159 (1988) (construing sixth

---

[1] Gomez also explained his decision to plead guilty in a handwritten statement offered as an exhibit at the hearing on his motion for new trial:

> After Mr. Zipp left, Mr. Campos came in and told me that he had the papers ready to sign for 23 years. He said the DA told him that I had to take the 23 years right then or they would ask a jury for 65 years. He also said that if I decided on Monday to plead guilty the 23 would be gone and I would have to take 30 years.

> He also told me that Mr. Zipp wasn't my lawyer, that he was, and that I couldn't talk to Mr. Zipp.

> I pled guilty because I knew Mr. Campos wasn't ready to go to trial. I wouldn't have pled guilty if Mr. Zipp was my lawyer, even if we still had to go to trial on Monday.

> I was afraid that with Mr. Campos as my lawyer I might get 65 years. Since I would have to take the 30 years on Monday and was afraid to risk getting the 65 years, I took the 23 years.

> I did not want to plead guilty but Mr. Campos told me I couldn't even talk to Mr. Zipp and pressured me to plead guilty.

3

amendment of United States Constitution); *Jones v. State*, 926 S.W.2d 386, 390 (Tex. App.—Fort Worth 1996, pet. ref'd) (construing article I, section 10 of Texas Constitution). However, this right is not unqualified or absolute. *See Wheat*, 486 U.S. at 159 (explaining that "the essential aim" of sixth amendment of United States Constitution is "to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); *Estrada v. State*, 406 S.W.2d 448, 449 (Tex. Crim. App. 1966) (quoting *United States v. Bentvena*, 319 F.2d 916, 936 (2d Cir. 1963)) (explaining that right of accused to retain counsel of choice "cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."). The right to retain counsel of one's choosing "must be balanced with a trial court's need for prompt and efficient administration of justice." *Ex parte Windham*, 634 S.W.2d 718, 719 (Tex. Crim. App. 1982).

The district court generally has discretion to determine whether counsel should be allowed to withdraw from a case. *See Brewer v. State*, 649 S.W.2d 628, 631 (Tex. Crim. App. 1983). A district court faces three options when a defendant makes an "eleventh hour" request to change counsel:

> First, at its discretion the court can appoint, or allow the accused to retain, new counsel. Second, should the trial court deny new counsel, and the accused unequivocally assert his right to self-representation . . . persisting in that assertion after proper admonishment, the court must allow the accused to represent himself. Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not.

*Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991) (citations omitted).

4

Gomez contends that, by denying the motion to substitute, the district court prevented him from being represented by his preferred counsel, Zipp. This position misconstrues the true effect of the district court's ruling. The sole consequence of denying the motion to substitute was that Campos remained Gomez's attorney of record for the upcoming trial date; it did not preclude Zipp from joining the defense team. In fact, the district court expressly informed both Zipp and Campos that they were to work out the details as to who would represent Gomez at trial, acknowledging their possible joint representation. Gomez has only shown that Campos, not the district court, told him that Zipp was no longer his lawyer.

The court of criminal appeals recently reiterated its support of the district court's authority to deny a request for change in counsel in *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). In *King*, the district court acted within its discretion when it denied the defendant's motion to withdraw based upon a personality conflict between the defendant and his lawyer. *Id.* The court determined that, despite the personality conflict, "substitution of counsel could have necessitated delay of the trial" because the appointed counsel had already reviewed discovery and filed pre-trial motions. *Id*.

Similarly, in the instant case, allowing Campos to withdraw two business days before trial and after working on the case for several months almost certainly would have necessitated delay. At the Thursday docket call, Zipp did not inform the court that he would be ready for trial the following Monday. Instead, he filed a motion for continuance to request "proper time for preparation on case." The district court's challenged ruling thus protected against the possibility that Gomez would be forced to stand trial on Monday with an unprepared lawyer.

5

We also note that Gomez's motion to substitute counsel made no specific claim as to the ineffectiveness of his appointed counsel. But even if it had, the district court's refusal to appoint new counsel does not constitute error when the defendant fails to notify the district court of his dissatisfaction with counsel until the eve of trial. *See Foster v. State*, 817 S.W.2d 390, 392 (Tex. App.—Beaumont 1991, no pet.).

## CONCLUSION

Because the district court's refusal to grant Gomez's motion to substitute counsel did not abridge his qualified right to be represented by counsel of his choice, we affirm the judgment.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Pemberton

Affirmed

Filed:  November 17, 2005

Do Not Publish

6