COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| BARRY JOE MATHIS, | | No. 08-08-00011-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 203rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0751575-P) |
| | § | |

**O P I N I O N**

Barry Joe Mathis appeals his conviction of possession of phencyclidine with intent to deliver. Appellant entered a plea of guilty before a jury[1] and the trial court conducted a unitary proceeding to determine both guilt and punishment. TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 2009); *see Frame v. State*, 615 S.W.2d 766, 767 (Tex.Crim.App. 1981). The jury found Appellant guilty and assessed his punishment at imprisonment for a term of ten years. We affirm.

**FACTUAL SUMMARY**

Prior to voir dire and after a lengthy discussion on the record between Appellant, defense counsel, the prosecutor, and the court, Appellant entered pleas of guilty to four indictments in exchange for the State's agreement to abandon the enhancement paragraph in each case and to not seek a deadly weapon finding. The trial court admonished Appellant about the range of punishment in each case and informed him that he was not eligible for probation because of his prior felony

---

[1] In a single proceeding, Appellant entered pleas of guilty in four cases, including the instant case.

conviction. Appellant understood the ranges of punishment and he also understood he was ineligible for probation. Finding that Appellant had entered his guilty plea knowingly and voluntarily, the trial court accepted the guilty pleas in each case. A jury was selected to assess punishment and both the State and Appellant introduced evidence relevant to punishment.

Detective Patrick Boyett of the Dallas Police Department and other officers executed a search warrant at a Dallas residence. Boyett referred to the house as a "trap" or neighborhood crack house because no one lived in it and it was used for the purpose of selling and using drugs. When Boyett entered the residence, he saw a co-defendant drop a plate he was carrying and run into a bedroom. Appellant was sitting on a couch in the living room when the police entered. There was a gun on the table in front of Appellant and another gun was found in the cushions of the couch. The police found fifty-three tablets of ecstasy, 1.2 grams of crack cocaine, and 5.8 grams of PCP in the house.

Appellant denied selling drugs from the residence but he cut the grass and picked up lunch for the people who ran the house. He also took care of the dogs at the residence. As payment for performing these tasks, he would be given crack cocaine. Appellant knew that the house was a drug house because both he and his brothers got their drugs there. Despite pleading guilty, Appellant denied that the guns or drugs found near him were in his care or control, and he denied selling drugs at the house.

The jury found Appellant guilty and assessed his punishment at imprisonment for ten years. Appellant filed a timely notice of appeal.

**ADMONISHMENTS**

In his first point of error, Appellant contends that his conviction should be reversed because the trial court failed to substantially comply with the admonishment requirements of Article 26.13 of the Code of Criminal Procedure because he was not admonished, orally or in writing, on

deportation issues. Article 26.13 requires court, before accepting a guilty plea, to admonish the defendant that if he is not a United States citizen, a plea of guilty or nolo contendere may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law. TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4). The trial court's failure to admonish the defendant of the deportation consequence of a guilty plea is reviewed for harm under Rule 44.2(b) of the Texas Rules of Appellate Procedure because it is a statutory error rather than a constitutional error. *Fakeye v. State*, 227 S.W.3d 714, 716 (Tex.Crim.App. 2007); *Aguirre-Mata v. State*, 992 S.W.2d 495, 498-99 (Tex.Crim.App. 1999); *Carranza v. State*, 980 S.W.2d 653, 656 (Tex.Crim.App. 1998). Under Rule 44.2(b), we disregard the error unless it affected Appellant's substantial rights. *Fakeye*, 227 S.W.3d at 716.

When applying Rule 44.2(b) to the failure to give an admonition, an appellate court must determine whether, considering the record as a whole, there is fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him. *Fakeye*, 227 S.W.3d at 716; *Anderson v. State*, 182 S.W.3d 914, 919 (Tex.Crim.App. 2006). The failure to admonish a defendant of possible deportation consequences of his guilty plea is harmless if he is a United States citizen because the threat of deportation could not have influenced his decision to plead guilty. *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex.Crim.App. 2007). We cannot assume that a defendant either is or is not a citizen, but we are authorized to make reasonable inferences from facts in the record. *See Fakeye*, 227 S.W.3d at 716-17; *VanNortrick*, 227 S.W.3d at 710-11.

Appellant testified he was born at Parkland Hospital. When asked by defense counsel whether he was "raised here in this area," Appellant replied that he was. At the time of trial, Appellant lived in a house located in the Oak Cliff area of Dallas, Texas. Appellant explained that is the same house where he grew up and it is located only one block from the "dope house" where

he was arrested. Other evidence established that the "dope house" is located in Dallas County, Texas. Finally, a pen packet admitted into evidence reflects that Appellant's birth place was Dallas County and identifies his nationality as American. The evidence affirmatively shows that Appellant is a native-born citizen of the United States. *See* U.S. Const. amend. XIV, § 1 (declaring persons born in the United States as citizens); *Foster v. State*, 817 S.W.2d 390, 392 (Tex.App.--Beaumont 1991, no pet.)(holding that failure to admonish on deportation consequences was harmless because penitentiary packets of the defendant's prior convictions listed his place of birth as Harris County, Texas, and his nationality as "American"). Therefore, the court's failure to admonish Appellant is harmless. *See VanNortrick*, 227 S.W.3d at 709. Point of Error One is overruled.

## PLEA NEGOTIATIONS

In Point of Error Two, Appellant asserts that he was denied due process under the Fourteenth Amendment and due course of law under Article I, Section 19 of the Texas Constitution because the trial judge abandoned his role as a neutral and detached hearing officer when he became involved in plea negotiations. Appellant's brief does not contain any argument or authority related to the protection provided by the Texas Constitution or explaining how that protection differs from the protection provided by the United States Constitution. State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993); *Heitman v. State*, 815 S.W.2d 681, 690-691 n.23 (Tex.Crim.App. 1991). Because Appellant has inadequately briefed the issue related to Article I, § 19, nothing is presented for our review. *See Muniz*, 851 S.W.2d at 251-52; TEX.R.APP.P. 38.1(h).

Due process requires a neutral and detached hearing body or officer. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639,

645 (Tex.Crim.App. 2006). A reviewing court presumes the trial court was neutral and detached absent a clear showing to the contrary. *Brumit*, 206 S.W.3d at 645. Although Texas trial judges are not expressly prohibited by statute or any rule of law from participating in a plea bargaining session, the Court of Criminal Appeals has cautioned trial judges to not participate in any plea bargain agreement discussions until an agreement has been reached between the prosecutor and the defendant. *Perkins v. Third Court of Appeals*, 738 S.W.2d 276, 282 (Tex.Crim.App. 1987); *Ex parte Shuflin*, 528 S.W.2d 610, 615-17 (Tex.Crim.App. 1975). This suggestion arises because the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant since such influence might affect the voluntariness of the defendant's plea. *Perkins*, 738 S.W.2d at 282. In the absence of a clear showing to the contrary, we will presume that the trial judge was neutral and detached. *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd). If a trial judge improperly participates in plea negotiations, the error is not reversible unless the record indicates that the defendant's plea was involuntary and the result of judicial coercion. *Ex parte Shuflin*, 528 S.W.2d at 615.

The indictments in the three drug cases included an enhancement paragraph and the State filed notice of its intent to seek a deadly weapon finding in two of the three drug cases. As a result, the minimum sentence in cause numbers F-0669633-P and F-0751575-P would have been fifteen years. TEX.HEALTH & SAFETY CODE ANN. § 481.112(d)(Vernon Supp. 2009); TEX.PENAL CODE ANN. § 12.42(c)(1)(Vernon Supp. 2009). An affirmative deadly weapon finding would have required Appellant to serve at least one-half of his sentence before becoming parole eligible and would have made him ineligible for mandatory supervision. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a)(2)(Vernon 2006); TEX.GOV'T CODE ANN. § 508.145(d)(Vernon Supp. 2009); TEX.GOV'T CODE ANN. § 508.149(a)(1). The State agreed to drop the enhancement paragraphs and not seek a

deadly weapon finding in exchange for guilty pleas before a jury. This would reduce the minimum sentence in cause numbers F-0669633-P and F-0751575-P from fifteen years to five years. It would also change the range of punishment in cause number F-0669632-P from a first degree felony to a second degree felony. TEX.PENAL CODE ANN. § 12.32 (Vernon 2003); TEX.PENAL CODE ANN. § 12.33. The State's agreement to not seek a deadly weapon finding would result in Appellant becoming parole eligible upon the completion of one-fourth of his sentence and he would also be eligible for mandatory supervision. TEX.GOV'T CODE ANN. § 508.145(f); TEX.GOV'T CODE ANN. § 508.147 (Vernon 2004).

On the day scheduled for trial and outside of the jury panel's presence, Appellant's counsel discussed with Appellant, on the record, the State's plea offer and the consequences of accepting or refusing it. Appellant did not want to plead guilty because the drugs and gun did not belong to him. Counsel attempted to explain to Appellant that he could be convicted under the law of parties even if the drugs and gun did not belong to him, but Appellant seemingly did not understand the concept and reiterated his desire to plead not guilty because he had been indicted for possessing guns and drugs which were not his. The court granted defense counsel's request for a recess to speak with Appellant. After the recess, Appellant persisted in his desire to plead not guilty even though he would be subject to a minimum sentence of 15 years if found guilty. At that point, defense counsel stated he was ready for trial. After some discussion between the court and the parties about whether to begin voir dire that afternoon or wait until the following morning, defense counsel returned to the subject of the offer made by the State so the record would clearly reflect he had explained to Appellant the consequences of being found guilty if he rejected the State's offer and entered a not guilty plea. Defense counsel expressed his opinion that a jury would probably find Appellant guilty

under the law of parties and it could result in him being incarcerated for the rest of his life.[2] Appellant stated he could not plead guilty because the guns and drugs were not his. The trial judge then told Appellant that based on what he knew about the case from the discussions, he tended to agree with defense counsel that the jury could convict Appellant under the law of parties. As defense counsel had done, the court attempted to explain the law of parties to Appellant and the potential consequences of pleading guilty or pleading not guilty. The prosecutor also interjected her thoughts about the plea offer. Appellant had originally agreed to testify for the State against a co-defendant but changed his mind. During discussions with the prosecutor, Appellant related numerous facts indicating his knowledge of the dope house. The prosecutor told Appellant he could be impeached with these statements if he testified to the contrary and he could be convicted as a party because the evidence would show he helped the people who were running the drop house. The prosecutor told Appellant he had only two choices: plead guilty and ask the jury to give him the minimum sentence of five years or plead not guilty and a minimum of fifteen years if found guilty. Appellant asked if he could come back the following day, but the prosecutor said he needed to make a decision that day. After a brief recess, Appellant decided to enter a plea of guilty before the jury under the terms of the agreement. When asked by the court whether he had made up his own mind to enter the guilty plea and Appellant answered affirmatively.

The record does not support Appellant's claim. When it became apparent Appellant did not understand the law of parties and how he could be found guilty even if the drugs and gun were not his, the trial judge attempted to explain the legal concept so he could understand the consequences of rejecting the plea offer and pleading not guilty. The court did not pressure Appellant to plead guilty but instead told him it was his decision to make and if he pled not guilty the jury might find

_____

[2] Appellant was forty-three years of age at the time of trial.

him not guilty, or the jury might find him guilty and assess his punishment beginning at a minimum sentence of fifteen years. The record also reflects that Appellant changed his mind about accepting the plea offer only after consulting privately with defense counsel. During entry of the guilty plea, Appellant confirmed to the trial court that he had made his own decision to plead guilty and had not been coerced. Because the record does not show that the trial judge abandoned his role as a neutral and detached hearing officer or that he coerced Appellant to plead guilty, we overrule Point of Error Two. *See Taylor v. State*, No. 05-94-01628-CR, 1996 WL 743765, at *5-6 (Tex.App.--Dallas 1996, no pet.)(not designated for publication)(rejecting defendant's claim that guilty plea was involuntary because trial judge abandoned role as detached and neutral judge by interjecting himself into plea negotiations and convincing Appellant to accept the plea bargain; record showed that judge explained to defendant that he had every right to plead guilty before the jury but warned the jury might assess a life sentence if he did so; defendant changed his mind and accepted the offer after speaking privately with defense counsel and the record did not show plea was involuntary). The judgment of the trial court is affirmed.

February 17, 2010

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)