

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00338-CR

Paul Anthony **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 5398
Honorable Kirsten Cohoon, Judge Presiding

Opinion by: Beth Watkins, Justice
Concurring Opinion by: Liza A. Rodriguez, Justice

Sitting: Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: March 6, 2024

AFFIRMED

Appellant Paul Anthony Garcia appeals his intoxication manslaughter conviction on the

ground that the trial court erred in denying his right to retained co-counsel of choice. We affirm.

### BACKGROUND

On September 1, 2012, close to midnight, Garcia drove a Chevrolet pickup eastbound on

a Highway 46 westbound lane and crashed, head-on, into the driver's side of a "tiny car" driven

by Destiny Bruce. Bruce's car hit a ditch and flipped on its side. Bruce died while still trapped in

the car; her 11-year-old sister survived. A grand jury indicted Garcia for intoxication

manslaughter and reckless bodily injury to a child. Garcia retained attorney Paul Goeke to represent him at his 2014 jury trial. The jury convicted Garcia of both offenses, but we reversed his convictions on appeal and, ultimately, remanded the case for a new trial.[1] Before that trial, Garcia again retained Goeke.

Goeke filed several motions for continuance citing medical and scheduling conflicts, his inability to meet with Garcia because of Garcia's contraction of COVID, the State's late-filed discovery, and State-initiated changes in the litigation. On April 9, 2021 and again on July 16, 2021, Goeke failed to appear at Zoom pre-trial conferences to argue the motions, and the trial court denied the motions on that ground.

After a total of four failures to appear, one show cause hearing to address the earlier failures to appear, and another impending show cause hearing, Goeke filed a motion to withdraw. He cited his inability to commit to a trial date due to ongoing medical concerns, relayed that Garcia acquiesced to his withdrawal, and requested that the court appoint Garcia replacement counsel. The trial court granted the motion and subsequently appointed Dante Dominguez to represent Garcia.

The case went to trial on the intoxication manslaughter count in April 2022. On the morning of April 25, 2022, the parties picked a jury. Dominguez asked the venire members whether they knew Garcia, defense counsel, or the prosecutors. One member answered that she knew the prosecutor, and Dominguez followed up to ensure that connection would not affect the potential juror's judgment. After a lunch break, the guilt/innocence phase of trial started. The

---

[1] *See Garcia v. State*, Nos. 04-14-00389-CR & 04-14-00390-CR, 2015 WL 4554289, at *1 (Tex. App.—San Antonio July 29, 2015) (mem. op., not designated for publication), *rev'd*, Nos. PD-1118-15 & PD-1119-15, 2016 WL 4491521 (Tex. Crim. App. Aug. 24, 2016) (per curiam) (not designated for publication). After the Court of Criminal Appeals remanded the case to this court, this court again reversed. *Garcia v. State*, Nos. 04-14-00389-CR & 04-14-00390-CR, 2017 WL 2124514, at *1 (Tex. App.—San Antonio May 17, 2017, pet. ref'd) (mem. op., not designated for publication).

prosecutor read the indictment, the parties presented opening statements, and the State called six witnesses.

It is unclear from the record when Goeke entered the courtroom, but after the sixth witness's testimony, and during a jury break, the trial court addressed Goeke's presence for the first time. The trial court remarked that Goeke had voluntarily withdrawn from the case and had not filed a new notice of appearance, and that Dominguez had never designated Goeke as an attorney who would assist him. The court announced that Goeke could not question witnesses but could sit behind Dominguez and assist him. After Dominguez asked that Goeke be allowed to file an appearance and to question a witness, the trial court explained, "I did not ask any Jurors or potential Jurors about [Goeke,]" and "If I get an appearance filed, I will discuss him sitting at counsel table with you." The State then called its seventh and eighth witnesses. At 4:20 p.m., the trial court adjourned court and instructed counsel to appear at 8:30 a.m. the next day.

At 7:27 p.m., Goeke filed a notice of appearance as co-counsel, explaining he had cooperated with Dante Dominguez "from the outset and is attempting to assist Mr. Dominguez in the present ongoing jury trial."

The next day, the State called three witnesses before the trial court released the jury for lunch. During the lunch recess, the trial court addressed Goeke's presence for the second time. Again, it is unclear from the record exactly when Goeke entered the courtroom. The trial court:

- acknowledged that Goeke had filed a notice of appearance;

- stated that it would not allow Goeke to approach the bench or recognize Goeke as counsel in the case;

- reminded Dominguez that there had been "no discussion of [Goeke] coming into this case before we impaneled the Jury, before we voir dired the Jury, or before we put under oath the chosen Jury";

- specified that Dominguez would ask the questions of all the witnesses and that Goeke could "assist appointed counsel from the other side of the Bench"; and

- concluded that there would be "no further argument on the matter."

Dominguez then stated that Garcia had told him that Goeke was physically able to represent him and that Garcia "does want him here." The trial court repeated its rulings and noted that Goeke "wasn't here for 30 minutes until after we started this case" and the trial court "had no idea that he was coming back because he was late this morning coming on." Goeke himself then tried to address the trial court but the trial court cut him off and asked him to step away from the bench. Goeke stated, "You required that I withdraw." The trial court did "not accept that."

After a short break, the trial court stated on the record that Goeke could sit at counsel table but would not be recognized as counsel. The State then resumed its case, presented more witnesses, and closed before the court adjourned for the day.

The day after the trial court issued its ruling limiting Goeke's participation, the record does not show that Goeke was present until after the defense rested without calling any witnesses. During the charge conference and outside the presence of the jury, an "interruption occurred." The trial court addressed Goeke's presence for the third time, stating, "If you're going to walk in late, we need to sit back here while I'm talking. Don't walk through the Bench while I'm talking. You can wait." Goeke replied, "I had a flat tire, ma'am, in the parking lot." The trial court stated, "I am in the middle, on the record, addressing." After the charge conference, the trial court brought the jury back to the courtroom and read the charge. The parties made closing statements and, after deliberations, the jury returned its guilty verdict.

The record of the punishment hearing contains no mention of Goeke. The jury recommended fifteen years of confinement, and the trial court sentenced Garcia accordingly.

Garcia filed a motion for new trial, arguing the trial court had violated his right to retained counsel of choice. Garcia attached a declaration attesting to his previously expressed desire that Goeke act as co-counsel. The trial court denied that motion, and Garcia appealed.

## ANALYSIS

### Right to Counsel of Choice

*Applicable Law and Standard of Review*

The Sixth Amendment commands that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI; *see* TEX. CONST. art. 1 § 10. This right to counsel includes a criminal defendant's qualified right to be represented by retained counsel of his choice. *Wheat v. United States*, 486 U.S. 153, 159 (1988); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The right is qualified in that a defendant cannot "insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." *Gonzalez-Lopez*, 548 U.S. at 151–52. And a trial court has wide latitude to balance the right to counsel of choice against "the needs of fairness" and the demands of the trial court's calendar. *Id*. at 152. But the qualified right to counsel of choice may not be denied arbitrarily. *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983). If the right to counsel of choice is denied arbitrarily, "it is unnecessary to conduct an ineffectiveness or prejudice inquiry" to establish a reversible Sixth Amendment violation. *Gonzalez-Lopez*, 548 U.S. at 148. "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id*.

We review a trial court's decision affecting a defendant's right to counsel of choice for an abuse of discretion. *See Gonzalez v. State*, 117 S.W.3d 831, 839–42 (Tex. Crim. App. 2003); *Ex parte Windham*, 634 S.W.2d 718, 720–21 (Tex. Crim. App. 1982); *James v. State*, 506 S.W.3d

560, 564 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *United States v. Green*, 47 F.4th 279, 288–89 (5th Cir. 2023). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

*Application*

Initially, we address the State's argument that Garcia failed to preserve error because he failed to object to the trial court's refusal to recognize Goeke in front of the jury or its refusal to allow him to question witnesses or lodge objections. But Garcia appeals the trial court's refusals themselves. He made timely complaints with sufficient specificity to make the trial court aware of the complaints and obtained adverse rulings—the prerequisites to presenting the complaints for appellate review. TEX. R. APP. P. 33.1(a).

Turning to the merits, Garcia argues the trial court erred by preventing Goeke from appearing alongside Dominguez, his court-appointed counsel. His argument presumes that defendants who are represented by court-appointed counsel—at least in these circumstances—have a right to be represented by additional retained or pro bono co-counsel of their choosing. Assuming without deciding that such a right exists, the applicable standard of review would still require us to overrule Garcia's argument on these facts. *See* TEX. R. APP. P. 47.1.

We recognize a trial court's refusal to allow retained co-counsel to cross-examine a witness in accordance with a client's wishes will violate a defendant's qualified right to chosen counsel if that refusal is arbitrary. *Lainfiesta v. Artuz*, 253 F.3d 151, 156 (2d Cir. 2001). In *Lainfiesta*, the Second Circuit held that such a refusal was arbitrary where the trial judge's only stated justification for its refusal was its insistence that, in its court, "one assistant district attorney tries a case, one defense counsel tries a case, period, that's it." *Id.*; *see also Kozacki v. Knize*, 883 S.W.2d 760, 763–64 (Tex. App.—Waco 1994, no pet.) (trial court's absolute rule to "not permit any attorney to appear for and represent any criminal defendant in any portion of a

proceeding unless the attorney agrees to represent the client in the entire proceeding," as applied to block counsel of choice from appearing at a hearing on a motion to reduce bail, violated the Sixth Amendment right to counsel of choice).

The trial court's refusal here, while a close call given the unique procedural history and Goeke's familiarity with the case, was not arbitrary in the manner of *Lainfiesta* or *Kozacki*. Garcia did not ask that his previously retained counsel be recognized as co-counsel until after the jury had been empaneled and sworn, both sides had given opening statements, and the State had presented six witnesses. Even then, Goeke had not filed a notice of appearance.

In its comments, the trial court repeatedly expressed its concern that Goeke was not qualified at voir dire. We understand the concern that potential jurors were not asked whether they were familiar with Goeke, as they were with Garcia, Dominguez, and the prosecutors. Although "a trial court may not deny a request to retain counsel where the sole consequence would be a modest continuance of a yet-to-have-begun trial," the same cannot be said for a mid-trial request which, if granted could interfere "with the efficient administration of justice by causing a substantial delay and/or mistrial in the already-begun trial." *See Pouncy v. Macauley*, 546 F. Supp. 3d 565, 583, 586–87 (E.D. Mich. 2021) (no abuse of discretion when court refused defendant's request to replace appointed counsel with retained counsel after trial had already begun and jeopardy had attached).

The Fort Worth Court reviewed a case with somewhat similar facts in that the trial court prevented a second attorney who appeared after voir dire from representing the defendant as co-counsel. *Jones v. State*, 926 S.W.2d 386, 390–91 (Tex. App.—Fort Worth 1996, pet. ref'd). In *Jones*, the record did not reflect that allowing the second counsel—the law partner of first retained counsel—to participate would have interrupted or slowed the efficient administration of justice in the case. *Id.* at 390. The venire had been aware of the second counsel at voir dire, and

the second counsel attempted to join the case "before any witness had testified to the jury." *Id*. Nevertheless, the trial court forbade the second counsel from participating "in any way" in the trial—"[h]e was not to sit at the counsel table, to pass a note to [first retained counsel], or to do anything else to assist in Jones's defense." *Id*. This combination of factors led the appellate court to hold that the trial court had violated Jones's right to counsel of choice. *Id*. at 391.

Here, in contrast, the record does not reflect the venire was aware of Goeke during voir dire. Unlike *Jones*, after Goeke filed his mid-trial appearance and Dominguez explained that Garcia wanted Goeke to represent him, the trial court allowed Goeke to sit at counsel table and assist in Garcia's defense. And the record supports competing inferences on whether allowing Goeke's belated appearance would have led to a substantial delay, caused a mistrial, or otherwise impaired the efficient administration of justice. *See Pouncy*, 546 F. Supp. 3d at 583, 586–87. On the one hand, Goeke was familiar with the case, having tried it once before. On the other hand, Goeke had failed to appear, withdrawn from the case resulting in the appointment of counsel, failed to file a new notice of appearance, and then was late for court twice even after filing his belated appearance. When, as here, the record supports competing inferences, we believe it is appropriate to defer to the trial court's determination, which may have been based on impressions of credibility or other matters not apparent to us from the cold appellate record. *Cf. Grant v. State*, 325 S.W.3d 655, 657 (Tex. Crim. App. 2010) (noting that when trial court's ruling requires evaluation of attorney credibility, we defer to trial court's ruling in the absence of exceptional circumstances).

While we might have decided this issue differently if we were in the trial court's position, we are constrained by the fact that we are not. *See, e.g., Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003) (noting that under an abuse of discretion standard of review, a "Court of Appeals cannot simply substitute its own decision for the trial court's"); *Wheat v. United States*,

486 U.S. 153, 164 (1988) ("Other district courts might have reached differing or opposite conclusions with equal justification, but that does not mean that one conclusion was 'right' and the other 'wrong.'"). Here, Goeke previously filed a motion to withdraw, the trial court granted that motion, and the trial court appointed new counsel. The request to add Goeke as retained counsel came after trial had already begun with appointed counsel and jeopardy had attached. On these particular facts—and this holding is limited to these particular facts only—we cannot conclude that the trial court's refusal to formally recognize Goeke as co-counsel constituted an abuse of discretion. *Morris*, 461 U.S. at 11–13; *Gonzalez-Lopez*, 548 U.S. at 152; *Pouncy*, 546 F. Supp. 3d at 586–87.

## CONCLUSION

We overrule Garcia's sole argument on appeal and affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH